

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1621
Re: Whether property privately
owned is exempt from taxa-
tion while leased to and
occupied by WPA.

In your letter of October 24, 1939, you request our
opinion in response to the following two questions, in sub-
stance, towit:

1. Whether lot and building thereon which are
privately owned are exempt from state and county
taxes during period of time that same are leased to
and used by Works Progress Administration.

2. Whether a business building privately owned
is exempt from state and county taxes by reason of
the fact that a part of same is leased to and occu-
pied by Works Progress Administration.

While Article 8, Section 2, of the State Constitu-
tion provides for the exemption from taxation of public pro-
perty used for public purposes, the Constitution nowhere pro-
vides for the exemption of property which is privately owned
although used for public purposes. Article 7130, Section 4,
Vernon's Annotated Civil Statutes, provides that "all property
whether real or personal belonging to the United States shall
be exempt from taxation", but the statutes nowhere attempt to
provide an exemption for property which is privately owned,
though used by the United States or a federal agency. Nothing
in the Constitution of the United States exempts such property
from taxation by the state and county.

As said in Board of Trustees vs. City of Atlanta, 54
L. R. A. 806, 113 Georgia 883:

"That private property is used exclusively
for public purposes does not change the nature of
the property or the title thereto so as to convert

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

it into public property."

It may be urged that the rental required to be paid by Works Progress Administration will be more with the state and county taxing the property than it would be otherwise. If so, the burden laid on the Federal Government is at most only an indirect one and not such as to forbid the levy and collection of such taxes. In the case of James vs. Dravo Construction Co., 302 U. S. 134, opinion by Chief Justice Hughes, it was held that an occupation tax measured by gross income is not invalid where imposed by a state upon a contractor with the United States as laying a direct burden on the Federal Government, even though the imposition of the tax may increase the cost to the government of the work contracted to be done.

Failure to tax this property would be to violate Article 8, Section 1, of the Constitution of Texas, providing that:

"Taxation shall be equal and uniform. All property in this state, whether owned by natural persons or corporations other than municipal, shall be taxed in proportion to its value which shall be ascertained as may be provided by law."

The properties mentioned in said questions are subject to tax by the county and state and both of your questions are answered in the negative. Correspondence attached to your request would indicate that there may be some question as to whether Works Progress Administration is paying any rental on one piece of this property, or is receiving the use of it gratis. As may be gathered from what we have already said that is an immaterial consideration. The property is none the less privately owned.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

APPROVED NOV 8, 1939

*Grace C. Mann*

ATTORNEY GENERAL OF TEXAS

GRL:jm



APPROVED
OPINION
COMMITTEE
BY